### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS
### BOSTON, MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA;<br>STATE OF CALIFORNIA; STATE<br>OF COLORADO; STATE OF<br>CONNECTICUT; STATE OF<br>DELAWARE; STATE OF FLORIDA;<br>STATE OF GEORGIA; STATE OF<br>HAWAII; STATE OF ILLINOIS; STATE<br>OF INDIANA; STATE OF IOWA; STATE<br>OF LOUISIANA; STATE OF MARYLAND;<br>COMMONWEALTH OF MASSACHUSETTS;<br>STATE OF MICHIGAN; STATE OF<br>MINNESOTA; STATE OF MONTANA;<br>STATE OF NEVADA;<br>STATE OF NEW JERSEY;<br>STATE OF NEW MEXICO; STATE OF NEW<br>YORK; STATE OF NORTH CAROLINA;<br>STATE OF OKLAHOMA; STATE OF<br>RHODE ISLAND; STATE OF TENNESSEE;<br>STATE OF TEXAS; COMMONWEALTH OF<br>VIRGINIA; STATE OF WASHINGTON;<br>STATE OF WISCONSIN; and THE DISTRICT<br>OF COLUMBIA<br>*ex rel.* WENDY JOHNSON,<br><br>    Plaintiffs,<br><br>v.<br><br>MILLENNIUM LABORATORIES, INC.<br><br>    Defendant. | CASE NO.:<br><br>FILED UNDER SEAL<br>PURSUANT TO<br>31 U.S.C. § 3730(b)(2)<br><br>12 CA 12387 NMG<br><br>SEALED |

---

## *QUI TAM* COMPLAINT

---

This is an action brought by Plaintiff/Relator Wendy Johnson on behalf of the United

States of America pursuant to the False Claims Act, 31 U.S.C. § 3729, *et seq.* (the "FCA"), and

on behalf of the above-captioned states under their respective State False Claims Acts. In support thereof, Relator alleges as follows:

1.　　　From at least 2007 through the present, Millennium Laboratories, Inc. (hereinafter "Millennium" or "Defendant"), a clinical diagnostic company, has engaged in a scheme to defraud the United States and the above-captioned Plaintiff States by knowingly submitting and/or causing to be submitted false and/or fraudulent claims, and retaining overpayments from Government Payors. Defendant knowingly billed government healthcare programs, including Medicare, Medicaid, CHAMPUS/TRICARE, for services which were not performed as claimed.

2.　　　The FCA provides that any person who knowingly submits or causes to be submitted to the government or recipients of federal funds a false or fraudulent claim for payment or approval is liable for a civil penalty of between \$5,500 and \$11,000 for each such claim, and three times the amount of the damages sustained by the government. The FCA permits persons having information regarding a false or fraudulent claim against the government to bring an action on behalf of the government and to share in any recovery. The complaint must be filed under seal, without service on the defendant. The complaint remains under seal while the government conducts an investigation of the allegations in the complaint and determines whether to join the action.

3.　　　Pursuant to the FCA, plaintiff/relator seeks to recover on behalf of the United States and the states listed in this complaint, damages and civil penalties arising from Defendant's overcharging of Medicare, Medicaid, and CHAMPUS/TRICARE for laboratory services not performed.

## PARTIES

4.　　　Relator Wendy Johnson is a resident of San Diego, California, and was an

2

employee at Defendant Millennium Laboratories, Inc. from March 2012 until August 2012. Johnson, who has more than ten years of experience as a medical coder, was hired by Defendant as an internal auditor. Johnson is an original source of all the information contained in this Complaint, and the facts set forth herein are based on Johnson's personal knowledge.

5.        Defendant Millennium Laboratories, Inc. was founded in 2007 and is incorporated in California. Millennium is located at 16981 Via Tazon, Suite F, San Diego, California 92127. Millennium offers drug monitoring systems. Millennium caters almost exclusively to pain doctors in all fifty states who forward urine samples by Federal Express and the United Parcel Service to the Millennium laboratory in San Diego. Approximately 90 percent of Millennium's reimbursement comes from government healthcare programs.

## JURISDICTION AND VENUE

6.        This action arises under the Federal False Claims Act, 31 U.S.C. §§ 3729-3732, and the State False Claims Acts for the above-captioned States. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1345, 28 U.S.C. § 1367 and 31 U.S.C. § 3732(a), which specifically confers jurisdiction on this Court for actions brought under 31 U.S.C. § 3730. Additionally, 31 U.S.C. § 3732(b) specifically confers jurisdiction on this Court for state-law claims that arise under the same transactions or occurrences as the action brought under 31 U.S.C. § 3730.

7.        This Court has personal jurisdiction over Defendant pursuant to 31 U.S.C. § 3732(a), which authorizes nationwide service of process, because Defendant can be found in, resides in, transacts business in and/or has committed the alleged acts in Boston, Massachusetts, which is in the District of Massachusetts.

8.        Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)-(c) and 31 U.S.C.

§ 3732(a) because Defendant can be found in, resides in, or has transacted business in the

District of Massachusetts, and many of the alleged acts occurred in this District.

9.      Relator is an original source as defined by the False Claims Act in 31 U.S.C. §

3730(e)(4)(B). Relator has made voluntary disclosures to the United States and the above-

captioned Plaintiff States prior to the filing of this lawsuit as required by 31 U.S.C. § 3730(b)(2).

## REGULATORY OVERVIEW

### The Federal and State False Claims Acts

10.     The False Claims Act, as amended by the Fraud Enforcement and Recovery Act

of 2009, Pub. L. No. 111-21[1] provides, in relevant part:

**Liability for Certain Acts.** (1) **In General** – Subject to paragraph (2), any person who –
(A) knowingly presents, or causes to be presented, a false or fraudulent claim for
payment or approval; (B) knowingly makes, uses, or causes to be made or used, a false
record or statement material to a false or fraudulent claim; . . . or (G) knowingly makes,
uses, or causes to be made or used a false record or statement material to an obligation to
pay or transmit money or property to the Government, or knowingly conceals or
knowingly and improperly avoids or decreases an obligation to pay or transmit money or
property to the Government, is liable to the United States for a civil penalty of not less
than [$5,500] and not more than [$11,000] . . . plus 3 times the amount of damages which
the Government sustains because of the act of that person.

31 U.S.C. § 3729(a)(1).

**Actions by Private Persons.** (1) A person may bring a civil action for a violation of
section 3729 for the person and for the United States Government. The action shall be
brought in the name of the Government.

31 U.S.C. § 3730(b)(1).

11.     Additionally, many states have passed False Claims Act legislation, which in

most instances closely tracks the Federal FCA. Defendant's acts alleged herein also constitute

violations of the California False Claims, Cal. Govt. Code § 12650 *et seq*.; the Colorado

Medicaid False Claims Act, Colo. Rev. Stat. 25.5-4-303.5 *et seq*.; the Connecticut False Claims

---

[1] The FCA was further amended on March 23, 2010 by the Patient Protection and Affordable Care Act ("PPACA"),
Pub. L. 111-148, 124 Stat. 119. PPACA did not impact the portions of the FCA quoted here.

Legislation, 2009 Ct. P.A. 5 (2009 Ct. HB 7005); the Delaware False Claims and Reporting Act, Del. Code Ann. Tit. 6, § 1201 *et seq.*; the Florida False Claims Act, Fla. Stat. § 68.081, *et seq.*; the Georgia Taxpayer Protection False Claims Act, O.G.C.A. 23-3-121, *et seq.*; the Hawaii False Claims Act, Haw. Rev. Stat. § 661-21 *et seq.*; the Illinois Whistleblower Reward and Protection Act, 740 Ill. Comp. Stat. § 175/1, *et seq.*; the Indiana False Claims and Whistleblower Protection Act, IC 5-11-5.5, *et seq.*; the Iowa False Claims Act, 2010 Acts, Ch. 1031 § 685.1 *et seq.*; the Louisiana Medical Assistance Programs Integrity Law, La. Rev. Stat. Tit. 46 § 437.1 *et seq.*; the Maryland False Health Claims Act, Maryland Laws Ch. 4 (S.B. 279) 2-601 *et seq.*; the Massachusetts False Claims Act, Mass. Gen. Laws Ch. 12 § 5A *et seq.*; the Michigan Medicaid False Claims Act, 2008 P.A. 421, 400.602 *et seq.*; the Minnesota False Claims Act, Minn. Sess. Laws, S.F. No. 2082, Ch. 101 § 24 *et seq.*; the Montana False Claims Act, Mont. Code Ann. § 17-8-403(1) *et seq.*; the Nevada False Claims Act, Nev. Rev. Stat. 357.010, *et seq.*; the New Jersey False Claims Act, N.J.S.A. § 2A:32C-1, *et seq.*; the New Mexico Medicaid False Claims Act, N.M. Stat. Ann. § 27-14-4 *et seq.*; the New York False Claims Act, N.Y St. Fin. Law § 187, *et seq.*; the North Carolina State False Claims Act, N.C. Sess. Law 2010-96 § 1-605 *et seq.*; the Oklahoma Medicaid False Claims Act, 63 Okl. St. § 5053, *et seq.*; the Rhode Island State False Claims Act, R.I. Gen. Laws § 9-1.1-1, *et seq.*; the Tennessee Medicaid False Claims Act, Tenn. Code Ann. § 71-5-181, *et seq.*; the Texas Medicaid Fraud Prevention Law, Tex. Hum. Res. Code § 36.001, *et seq.*; the Virginia Fraud Against Taxpayers Act, Va. Code Ann. § 8.01-216.1, *et seq.*; the Washington State Medicaid Fraud False Claims Act, 2012 c. 241 § 214, RCW 74.66.005 *et seq.*; the Wisconsin False Claims for Medical Assistance Law, 2007 Wis. Act 20 § 20.931 *et seq.*; and the District of Columbia False Claims Act, D.C. Code § 2-308.03 *et seq.*

Each of the statutes listed above contains *qui tam* provisions governing, *inter alia*, a relator's right to claim a share of the State's recovery.

12.     Relator seeks to recover damages and civil penalties in the name of the United States of America, the State of California, the State of Colorado, the State of Connecticut, the State of Delaware, the State of Florida, the State of Georgia, the State of Hawaii, the State of Illinois, the State of Indiana, the State of Iowa, the State of Louisiana, the State of Maryland, the Commonwealth of Massachusetts, the State of Michigan, the State of Minnesota, the State of Montana, the State of Nevada, the State of New Jersey, the State of New Mexico, the State of New York, the State of North Carolina, the State of Oklahoma, the State of Rhode Island, the State of Tennessee, the State of Texas, the Commonwealth of Virginia, the State of Washington, the State of Wisconsin, and the District of Columbia, arising from the false statements and claims for payment made by Defendant to the United States and the above-listed states. Specifically, the false statements and claims involve charges and costs for laboratory services which were never performed.

## Duty to Report and Return Overpayments

13.     The Medicare and Medicaid program integrity provisions, 42 U.S.C. § 1320a-7k(d), state as follows:

### (d) Reporting and returning of overpayments

### (1) In general

If a person has received an overpayment, that person shall--

(A) Report and return the overpayment to the Secretary, the State, an intermediary, a carrier, a contractor, as appropriate, at the correct address; and

6

(B) Notify the Secretary, State, intermediary, carrier, or contractor to whom the

overpayment was returned in writing of the reason for the overpayment.

**(2) Deadline for reporting and returning overpayments**

An overpayment must be reported and returned under paragraph (1) by the later of—

(A) The date which is 60 days after the date on which the overpayment was identified; or

(B) The date any corresponding cost report is due, if applicable.

**(3) Enforcement**

Any overpayment retained by a person after the deadline for reporting and returning the

overpayment under paragraph (2) is an obligation (as defined in section 3729(b)(3) of

Title 31) for purposes of section 3729 of such title.

**Government Healthcare Programs**

14.     The Medicare Program ("Medicare") is a Health Insurance Program administered

by the Government of the United States that is funded by taxpayer revenue. Medicare is directed

by the United States Health and Human Services Department ("HHS"). Medicare was designed

to assist participating states in providing medical services and durable medical equipment to

persons over sixty-five (65) years of age and certain others who qualify for Medicare.

15.     The Medicaid Program ("Medicaid") is a Health Insurance Program administered

by the Government of the United States that is funded by State and Federal taxpayer revenue. It

is overseen by HHS. Medicaid was designed to assist participating states in providing medical

services, durable medical equipment and prescription drugs to financially-needy individuals who

qualify for Medicaid.

16.     CHAMPUS/TRICARE is a federally-funded program that provides medical

7

benefits to (a) the spouses and unmarried children of (1) active duty and retired service members and (2) reservists who were ordered to active duty for thirty days or longer; (b) the unmarried spouses and children of deceased service members; and (c) retirees.

17.     Wherever appropriate, Medicare, Medicaid and CHAMPUS/TRICARE will be collectively referred to as "Government Payors."

### Current Procedural Terminology Codes

18.     Current Procedural Terminology codes ("CPT codes") are numbers assigned to every task and service a medical practitioner may provide to a patient, including medical, surgical and diagnostic services. CPT codes are then used by insurers to determine the amount of reimbursement received.

19.     For purposes of this Complaint, the relevant CPT codes are 81003, 82570, 83986, and 84311:

- **81003**: Urinalysis, by dip stick or tablet reagent for bilirubin, glucose, hemoglobin, ketones, leukocytes, nitrate, pH, protein, specific gravity, urobilinogen, and any number of these constituents; automated, without microscopy

- **82570**: Creatinine; other source

- **83986**: pH, body fluid, not otherwise specified

- **84311**: Spectrophotometry, analyte not elsewhere specified

### ALLEGATIONS

### Defendant Knowingly Submitted Improper CPT Codes to Government Payors in Order to Bill for Services Not Rendered

20.     Millennium Laboratories was founded in 2007. At its inception, Millennium employed approximately 25 employees. Millennium quickly expanded its business, and today employs more than 700 employees, many of which are sales representatives based throughout the

United States. The company caters almost exclusively to pain doctors who forward urine samples by Federal Express and the United Parcel Service to Millennium's laboratory in San Diego. Relator believes Millennium processes more than one million urine samples annually, ninety percent of which are covered by Government Payors.

21.     Relator began her employment with Millennium in March 2012. She was hired as an internal auditor. Because Relator has ten years of experience as a medical coder, she believed that an important part of her job was to make sure the proper CPT codes were being submitted to Government Payors for reimbursement. It soon became apparent that, in spite of her job position, Millennium management had no intention of allowing her to effectively fulfill her job duties, especially with regard to compliance issues. In fact, Relator was actively discouraged from engaging in efforts to correct billing and coding errors so as to ensure compliance with Medicare and Medicaid billing and coding requirements.

22.     Millennium employs a large sales force, which meets with doctors throughout the country to pitch Millennium's laboratory services. Ninety-eight percent of Millennium's business comes from urinalysis. Once a doctor agrees to do business with Millennium, the sales representative asks the doctor to fill out a "lab requisition form," which allows the doctor to check off which tests he/she would like conducted on a patient's samples. The doctor can choose over 25 tests to run on each patient. Because a typical pain doctor generally runs all of the same tests on each of his/her patients, the doctor is given the option to create a "custom profile" which automatically applies to all of his/her patients, unless the doctor specifies otherwise.

23.     Contained within each lab requisition form is the option to choose "validity testing." Validity testing ensures that each urine sample is "valid," meaning that the gravity, pH, nitrate and creatinine levels are normal and the sample is not tainted. At least ninety percent of

9

doctors submitting urine samples to Millennium order validity testing, and therefore, it is part of their custom profiles.

24.     Doctors often are not experts in medical coding. They order the tests and procedures necessary to treat their patients, but routinely rely on medical companies, such as Millennium, to provide the correct CPT codes for the required medical testing.

25.     Millennium's scheme is simple. It is aware that nearly all of the doctors who submit samples to its laboratory will ask for validity testing to be conducted on their patients' urine samples. Millennium includes four separate CPT codes (**81003, 82570, 83986,** and **84311**) within the urine validity testing option on its lab requisition forms. Therefore, when a doctor requests validity testing on a urine sample, all four CPT codes are automatically included, and subsequently submitted to Government Payors for reimbursement. However, only two of those CPT codes (81003 and 82570) are actually appropriate for urine validity testing.

26.     CPT code 81003 is an <u>all-encompassing urinalysis code</u>. It includes testing for "bilirubin, glucose, hemoglobin, ketones, leukocytes, **nitrate, pH**, protein, specific gravity, urobilinogen, any number of these constituents, automated, without microscopy" (emphasis added). CPT code 82570 tests for creatinine. Both of those codes are appropriate for inclusion in urine validity testing. However, the other codes included by Millennium for urine validity testing (CPT codes 83986 and 84311) represent testing components which are covered by the all-inclusive code 81003. In fact, CPT codes 83896 and 84311 are not even appropriate for inclusion in urine validity testing because they are meant to be used for the testing of bodily fluids **other than urine**. Specifically, code 83986 states that it is to be used when testing for "pH [of a] body fluid, not otherwise specified." Code 84311 is to be used for "spectrophotometry [for] analyte not elsewhere specified" (testing for nitrate). The words "not otherwise specified"

and "not elsewhere specified" in the language of codes 83986 and 84311 indicate that the codes are only to be used for tests on fluids or analytes that are not already referenced in a specific code. pH and nitrate testing on urine are specifically covered by code 81003. Thus, codes 83986 and 84311 should never be used to code and bill for pH or nitrate testing on urine.

27.     CPT codes 81003, 83986 and 84311 **should not** be billed together for urine validity testing—Millennium improperly bills Government Payors by submitting CPT codes 81003, 83986 and 84311 for reimbursement each time validity testing is ordered, which results in Government Payors being charged for services not rendered.

28.     Shortly after assuming her audit responsibilities at Millennium, Relator became aware of the urinalysis billing problems detailed above. On May 24, 2012, Relator prepared a memorandum regarding the billing issues, titled "CPT Coding Discrepancies," which she shared with her superiors. The memorandum outlined validity testing coding errors at Millennium. Relator gave the document to Millennium's Vice President of Analytics, Daniel Pencak, who subsequently delivered it to the President, Howard Appel. Mr. Pencak indicated that "at 15 dollars less per specimen, Howard will never go for this," and that Relator "had no business reviewing CPT codes" even though Relator was hired as the company's internal auditor. During the meeting, Relator learned that Mr. Appel, Mr. Pencak, and Carol Stoyla, Director of Billing, were all responsible for CPT code selections that appeared on the lab requisition forms.

29.     Shortly after Mr. Pencak gave Relator's memorandum to Mr. Appel, Millennium's compliance officer advised Relator that Appel had reviewed the document and then instructed her to fire Relator. Days later, Millennium put pressure on Relator to recant her allegations set forth in Relator's May 24 memorandum regarding the CPT coding discrepancies. Relator did not object in order to avoid being fired from her job.

30.     Nevertheless, Relator was fired on August 10, 2012 for "tardiness." Relator

believes this issue was a pretext, and that the decision to fire her had already been made in

retaliation for her complaints about the billing issues at Millennium.

31.     Relator alleges there was a culture at Millennium wherein compliance issues were

not taken seriously. Relator felt she was treated with distrust and contempt for attempting to

bring billing discrepancies to her superiors' attention.  Relator was made aware that prior to her

arrival, the audit process was sub-par at best. No audit process existed prior to 2011 and

frequently months would go by without Millennium performing any billing audits. Millennium

switched to a new in-house computer billing system in March 2012, called Millennium Labs

Information System ("MLIS"), which interfaced with its billing system, XIFIN. It is Relator's

understanding that Millennium's billing compliance was even worse before the switch to MLIS.

32.     Through her position with Millennium, Relator was privy to the ins and outs of

Millennium's billing process. She knew that bills containing improper CPT codes were

electronically submitted to Government Payors through XIFIN, and was then able to see when

those improper codes were subsequently reimbursed. Relator saw which specific CPT codes

were improperly billed to Government Payors, the dates the bills were submitted and reimbursed,

the individuals responsible for the fraudulent submissions, and the amount of the overpayments

received from the Government Payors.

33.     Even after Relator complained to management about the fraudulent claims that

were being submitted, Millennium made no attempt to correct the improper billing and coding,

nor did it refund to the government the overpayments that it received as a result of improperly

submitting codes 83986 and 84311 in conjunction with validity testing.

34.     In 2012, Millennium processed approximately one million urine samples and

12

performed validity testing on about 90% of those samples. Millennium billed and received reimbursement from Government Payors (primarily Medicare) for approximately 90% of the 900,000 validity tests it performed on urine samples in 2012 which equals 810,000 tests.

35.     The Clinical Laboratory Fee Schedule for 2012 provides that the reimbursement rate for CPT code 83986 is $5.07 and CPT code 84311 is $9.90. Each time Millennium billed Medicare for validity testing, the Government was improperly charged for CPT code 83986 ($5.07) and CPT code 84311 ($9.90) which totals $14.97. Therefore, Relator alleges that Millennium has knowingly and improperly overcharged the Government in the year 2012 alone, approximately $12,125,700 (810,000 validity tests x $14.97).

36.     Relator has reason to believe that Millennium was engaging in this fraudulent billing practice since its inception and continues to engage in this practice to this day. Thus, the monetary damages suffered by government payors is much greater than $12,125,700.

**COUNT I**

**VIOLATION OF FEDERAL FALSE CLAIMS ACT, 31 U.S.C. § 3729-33**

37.     Relator realleges and incorporates by reference paragraphs 1 through 36 as though fully set forth herein.

38.     This is a civil action brought by Relator on behalf of the United States against Defendant under the Federal False Claims Act, 31 U.S.C. § 3729-33.

39.     Under the False Claims Act, 31 U.S.C. § 3729(a), in effect prior to May 20, 2009, Defendant has violated:

    i.     31 U.S.C. § 3729(a)(1) by knowingly presenting, or causing to be presented, to an officer or employee of the United States Government or a member of the Armed

13

Forces of the United States a false or fraudulent claim for payment or approval; and/or

ii.    31 U.S.C. § 3729(a)(2) by knowingly making, using or causing to be made or used, a false record or statement to get a false or fraudulent claim allowed or paid or approved by the Government.

40.    Under the False Claims Act, 31 U.S.C. § 3729(a)(1), as amended on May 20, 2009, Defendant has violated:

i.    31 U.S.C. § 3729(a)(1)(A) by knowingly presenting, or causing to be presented, a false or fraudulent claim for payment or approval; and/or

ii.    31 U.S.C. § 3729(a)(1)(B) by knowingly making, using, or causing to be made or used, a false record or statement material to a false or fraudulent claim.

41.    Government Payors, unaware of the falsity of the claims and/or statements made or caused to be made by Defendant, and in reliance on the accuracy of these claims and/or statements, paid for purported medical services performed for patients insured by federally-funded health insurance programs, including Medicare, Medicaid and CHAMPUS/TRICARE. Had the United States known that the bills presented by Defendant were false and/or fraudulent, payment would not have been made for such claims.

42.    Defendant's unlawful conduct is continuing in nature and has caused the United States to suffer damages.

## COUNT II

### VIOLATION OF THE FEDERAL FALSE CLAIMS ACT, 31 U.S.C. § 3729(a)

43.    Relator realleges and incorporates by reference the allegations of paragraphs 1 through 36 as though fully set forth herein.

14

44.     Through the acts described above, Defendant intentionally and knowingly failed to remit funds paid by Government Payors for services never rendered by Defendant. Defendant intentionally and improperly charged Government Payors at least $15 per urinalysis validity test performed at Defendant's laboratory, a fact which was specifically brought to Defendant's attention by Relator. However, Defendant chose to ignore its obligation to pay money back to the Government Payors for services never rendered by Defendant.

45.     Under the False Claims Act, 31 U.S.C. § 3729(a), in effect prior to May 20, 2009, Defendant has violated 31 U.S.C. § 3729(a)(7) by knowingly making, using, or causing to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Government.

46.     Under the False Claims Act, 31 U.S.C. § 3729(a)(1), as amended on May 20, 2009, Defendant has violated 31 U.S.C. § 3729(a)(1)(G) by knowingly making, using, or causing to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly concealing or knowingly and improperly avoiding or decreasing an obligation to pay or transmit money or property to the Government.

47.     Defendant's fraudulent concealment and intentional failure to report funds that were improperly received from Government Payors for services never rendered by Defendant constitutes an unlawful avoidance of an obligation to pay money owed to the United States.

48.     Defendant's unlawful conduct is continuing in nature and has caused the United States to suffer damages.

## COUNT III

### VIOLATION OF THE CALIFORNIA FALSE CLAIMS ACT
### Cal. Govt. Code § 12651, *et seq.*

49.     Relator realleges and incorporates by reference the allegations of paragraphs 1

15

through 36 as though fully set forth herein.

50.     This count sets forth claims for treble damages and forfeitures under the California False Claims Act.

51.     Through the acts described above, Defendant knowingly caused to be presented to the California Medicaid Program fraudulent claims, records, and statements in order to obtain reimbursement for services not rendered.

52.     Defendant knowingly violated:

   i.     Cal. Govt. Code § 12651(a)(1) by knowingly presenting, or causing to be presented, a false or fraudulent claim for payment or approval;

   ii.    Cal. Govt. Code § 12651(a)(2) by knowingly making, using, or causing to be made or used a false record or statement material to a false or fraudulent claim; and/or

   iii.   Cal. Govt. Code § 12651(a)(7) by knowingly making, using, or causing to be made or used a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the state or to any political subdivision.

53.     The State of California, unaware of the falsity of the claims, approved, paid and participated in payments made by the California Medicaid Program for claims that otherwise would not have been allowed.

54.     Defendant's unlawful conduct is continuing in nature and has caused the State of California to suffer damages.

## COUNT IV

### VIOLATION OF THE COLORADO MEDICAID FALSE CLAIMS ACT
### Col. Rev. Stat. § 12.25.5-4-305, *et seq.*

55.     Relator realleges and incorporates by reference the allegations of paragraphs 1

through 36 as though fully set forth herein.

56.     This count sets forth claims for treble damages and forfeitures under the Colorado Medicaid False Claims Act.

57.     Through the acts described above, Defendant knowingly caused to be presented to the Colorado Medicaid Program fraudulent claims, records and statements in order to obtain reimbursement for services not rendered.

58.     Defendant knowingly violated:

    i.     Col. Rev. Stat. § 12.25.5-4-305(a) by knowingly presenting, or causing to be presented, to an officer or employee of the state a false or fraudulent claim for payment or approval;

    ii.     Col. Rev. Stat. § 12.25.5-4-305(b) by knowingly making, using, or causing to be made or used a false record or statement material to a false or fraudulent claim; and/or

    iii.     Col. Rev. Stat. § 12.25.5-4-305(f) by knowingly making, using, or causing to be made or used a false record or statement material to an obligation to pay or transmit money or property to the state in connection with the "Colorado Medical Assistance Act," or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the state in connection with the "Colorado Medical Assistance Act."

59.     Defendant knowingly presented false claims for payment to the State of Colorado. The State of Colorado, unaware of the falsity of these claims, approved, paid and participated in payments made by the State of Colorado Medicaid Program for claims that otherwise would not have been allowed.

60.     Defendant's unlawful conduct is continuing in nature and has caused the State of Colorado to suffer damages.

## COUNT V

### VIOLATION OF THE CONNECTICUT FALSE CLAIMS ACT
### Ct. P.A. 09-5 § 17b-301, *et seq.*

61.     Relator realleges and incorporates by reference the allegations of paragraphs 1 through 36 as though fully set forth herein.

62.     This count sets forth claims for treble damages and forfeitures under the Connecticut False Claims Act.

63.     Through the acts described above, Defendant knowingly caused to be presented to the Connecticut Medicaid Program fraudulent claims, records, and statements in order to obtain reimbursement for services not rendered.

64.     Defendant knowingly violated:

    i.      Ct. P.A. 09-5 § 17b-301b(1) by knowingly presenting, or causing to be presented, to an officer or employee of the state a false or fraudulent claim for payment or approval under a medical assistance program administered by the Department of Social Services;

    ii.     Ct. P.A. 09-5 § 17b-301b(2) by knowingly making, using, or causing to be made or used, a false record or statement to secure the payment or approval by the state of a false or fraudulent claim under a medical assistance program administered by the Department of Social Services; and/or

    iii.    Ct. P.A. 09-5 § 17b-301b(7) by knowingly making, using, or causing to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to

18

pay or transmit money or property to the state under a medical assistance program

administered by the Department of Social Services.

65.     Defendant knowingly presented false claims for payment to the State of

Connecticut. The State of Connecticut, unaware of the falsity of these claims, approved, paid and

participated in payments made by the State of Connecticut Medicaid Program for claims that

otherwise would not have been allowed.

66.     Defendant's unlawful conduct is continuing in nature and has caused the State of

Connecticut to suffer damages.

**COUNT VI**

**VIOLATION OF THE DELAWARE FALSE CLAIMS AND REPORTING ACT
77 Del. Laws c. 166 § 1201, *et seq*.**

67.     Relator realleges and incorporates by reference the allegations of paragraphs 1

through 36 as though fully set forth herein.

68.     This count sets forth claims for treble damages and forfeitures under the Delaware

False Claims and Reporting Act.

69.     Through the acts described above, Defendant knowingly caused to be presented to

the Delaware Medicaid Program fraudulent claims, records, and statements in order to obtain

reimbursement for services not rendered.

70.     Defendant knowingly violated:

   i.     77 Del. Laws c. 166 § 1201(a)(1) by knowingly presenting, or causing to be

          presented to an officer or employee of the Government a false or fraudulent claim

          for payment or approval;

   ii.    77 Del. Laws c. 166 § 1201(a)(2) by knowingly making, using or causing to be

19

made or used a false record or statement to get a false or fraudulent claim paid or
approved by the Government; and/or

    iii.    77 Del. Law c. 166 § 1201(a)(7) by knowingly making, using, or causing to be
made or used a false record or statement to conceal, avoid, or decrease an
obligation to pay or transmit money or property to the Government.

71.    Defendant knowingly presented false claims for payment to the State of

Delaware. The State of Delaware, unaware of the falsity of these claims, approved, paid and

participated in payments made by the State of Delaware Medicaid Program for claims that

otherwise would not have been allowed.

72.    Defendant's unlawful conduct is continuing in nature and has caused the State of

Delaware to suffer damages.

## COUNT VII

## VIOLATION OF THE FLORIDA FALSE CLAIMS ACT
### Fla. Stat. § 68.082, *et seq.*

73.    Relator realleges and incorporates by reference the allegations of paragraphs 1

through 36 as though fully set forth herein.

74.    This count sets forth claims for treble damages and forfeitures under the Florida

False Claims Act.

75.    Through the acts described above, Defendant knowingly caused to be presented to

the Florida Medicaid Program fraudulent claims, records, and statements in order to obtain

reimbursement for services not rendered.

76.    Defendant knowingly violated:

    i.    Fla. Stat. § 68.082(2)(a) by knowingly presenting, or causing to be presented, to

20

        an officer or employee of an agency a false or fraudulent claim for payment or

        approval;

ii.     Fla. Stat. § 68.082(2)(b) by knowingly making, using, or causing to be made or

        used, a false record or statement to get a false or fraudulent claim allowed or paid;

        and/or

iii.    Fla. Stat. § 68.082(2)(g) by knowingly making, using, or causing to be made or

        used a false record or statement to conceal, avoid, or decrease an obligation to pay

        or transmit money or property to an agency.

77.     Defendant knowingly presented false claims for payment to the State of Florida.

The State of Florida, unaware of the falsity of these claims, approved, paid and participated in

payments made by the State of Florida Medicaid Program for claims that otherwise would not

have been allowed.

78.     Defendant's unlawful conduct is continuing in nature and has caused the State of

Florida to suffer damages.

## COUNT VIII

## VIOLATION OF THE GEORGIA TAXPAYER PROTECTION FALSE CLAIMS ACT
### O.G.C.A. 23-3-121, *et seq.*

79.     Relator realleges and incorporates by reference the allegations of paragraphs 1

through 36 as though fully set forth herein.

80.     This count sets forth claims for treble damages and forfeitures under the Georgia

Taxpayer Protection False Claims Act (prior to July 1, 2012, the Georgia False Medicaid Claims

Act, O.G.C.A. 49-4-186, *et seq.*).

81.     Through the acts described above, Defendant knowingly caused to be presented to

the Georgia Medicaid Program fraudulent claims, records, and statements in order to obtain reimbursement for services not rendered.

82.     Defendant knowingly violated:

i.      O.G.C.A. 23-3-121(a)(1) by knowingly presented or causing to be presented a fraudulent claim for payment or approval;

ii.     O.G.C.A. 23-3-121(a)(2) by knowingly making, using, or causing to be made or used a false record or statement material to a false or fraudulent claim; and/or

iii.    O.G.C.A. 23-3-121(a)(7) by knowingly making, using, or causing to be made or used a false record or statement material to an obligation to pay or transmit money or property to the state or local government, or knowingly concealing, knowingly or improperly avoiding, or decreasing an obligation to pay or transmit money or property to the state or a local government.

83.     Defendant knowingly presented false claims for payment to the State of Georgia. The State of Georgia, unaware of the falsity of these claims, approved, paid and participated in payments made by the State of Georgia Medicaid Program for claims that otherwise would not have been allowed.

84.     Defendant's unlawful conduct is continuing in nature and has caused the State of Georgia to suffer damages.

## COUNT IX

### VIOLATION OF THE HAWAII FALSE CLAIMS ACT
### Haw. Rev. Stat. § 661-21, *et seq.*

85.     Relator realleges and incorporates by reference the allegations of paragraphs 1 through 36 as though fully set forth herein.

86.     This count sets forth claims for treble damages and forfeitures under the Hawaii

False Claims Act.

87.     Through the acts described above, Defendant knowingly caused to be presented to the Hawaii Medicaid Program fraudulent claims, records, and statements in order to obtain reimbursement for services not rendered.

88.     Defendant knowingly violated:

i.      Haw. Rev. Stat. § 661-21(a)(1) by knowingly presenting, or causing to be presented, to an officer or employee of the State a false or fraudulent claim for payment or approval;

ii.     Haw. Rev. Stat. § 661-21(a)(2) by knowingly making, using, or causing to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the State; and/or

iii.    Haw. Rev. Stat. § 661-21(a)(7) by knowingly making, using, or causing to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the State.

89.     Defendant knowingly presented false claims for payment to the State of Hawaii. The State of Hawaii, unaware of the falsity of these claims, approved, paid and participated in payments made by the State of Hawaii Medicaid Program for claims that otherwise would not have been allowed.

90.     Defendant's unlawful conduct is continuing in nature and has caused the State of Hawaii to suffer damages.

## COUNT X

## VIOLATION OF THE ILLINOIS WHISTLEBLOWER REWARD AND PROTECTION ACT
### 740 Ill. Comp. Stat. § 175/3, *et seq.*

91.     Relator realleges and incorporates by reference the allegations of paragraphs 1 through 36 as though fully set forth herein.

92.     This count sets forth claims for treble damages and forfeitures under the Illinois Whistleblower Reward and Protection Act.

93.     Through the acts described above, Defendant knowingly caused to be presented to the Illinois Medicaid Program fraudulent claims, records, and statements in order to obtain reimbursement for services not rendered.

94.     Defendant knowingly violated:

i.      740 Ill. Comp. Stat. § 175/3(a)(1)(A) by knowingly presenting, or causing to be presented, a false or fraudulent claim for payment or approval;

ii.     740 Ill. Comp. Stat. § 175/3(a)(1)(B) knowingly making, using, or causing to be made or used, a false record or statement material to a false or fraudulent claim; and/or

iii.    740 Ill. Comp. Stat. § 175/3(a)(1)(G) by knowingly making, using, or causing to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the State, or knowingly concealing or knowingly and improperly avoiding or decreasing an obligation to pay or transmit money or property to the State.

95.     Defendant knowingly presented false claims for payment to the State of Illinois. The State of Illinois, unaware of the falsity of these claims, approved, paid and participated in payments made by the State of Illinois Medicaid Program for claims that otherwise would not have been allowed.

96.     Defendant's unlawful conduct is continuing in nature and has caused the State of

24

Illinois to suffer damages.

## COUNT XI

## VIOLATION OF THE INDIANA FALSE CLAIMS AND WHISTLEBLOWER PROTECTION ACT
### IC 5-11-5.5, *et seq.*

97.     Relator realleges and incorporates by reference the allegations of paragraphs 1 through 36 as though fully set forth herein.

98.     This count sets forth claims for treble damages and forfeitures under the Indiana False Claims and Whistleblower Protection Act.

99.     Through the acts described above, Defendant knowingly caused to be presented to the Indiana Medicaid Program fraudulent claims, records, and statements in order to obtain reimbursement for services not rendered.

100.        Defendant knowingly violated:

i.     IC 5-11-5.5-2(b)(1) by knowingly or intentionally presenting a false claim to the state for payment or approval;

ii.     IC 5-11-5.5-2(b)(2) by knowingly or intentionally making or using a false record or statement to obtain payment or approval of a false claim from the state; and/or

iii.     IC 5-1—5.5-2(b)(6) by knowingly or intentionally making or using a false record or statement to avoid an obligation to pay or transmit property to the state.

101.     Defendant knowingly presented false claims for payment to the State of Indiana. The State of Indiana, unaware of the falsity of these claims, approved, paid and participated in payments made by the State of Indiana Medicaid Program for claims that otherwise would not have been allowed.

102.     Defendant's unlawful conduct is continuing in nature and has caused the State of

Indiana to suffer damages.

## COUNT XII

### VIOLATION OF THE IOWA FALSE CLAIMS ACT
### 2010 Acts, ch. 1031 § 685, *et seq*.

103.    Relator realleges and incorporates by reference the allegations of paragraphs 1

through 36 as though fully set forth herein.

104.    This count sets forth claims for treble damages and forfeitures under the Iowa

False Claims Act.

105.    Through the acts described above, Defendant knowingly caused to be presented

to the Iowa Medicaid Program fraudulent claims, records, and statements in order to obtain

reimbursement for services not rendered.

106.    Defendant knowingly violated:

i.    2010 Acts, ch. 1031 § 685.2(1)(a) by knowingly presenting, or causing to be

presented, a false or fraudulent claim for payment or approval;

ii.    2010 Acts, ch. 1031 § 685.2(1)(b) by knowingly making, using, or causing to be

made or used, a false record or statement material to a false or fraudulent claim;

and/or

iii.    2010 Acts, ch. 1031 § 685.2(1)(g) by knowingly making, using, or causing to be

made or used, a false record or statement material to an obligation to pay or

transmit money or property to the state, or knowingly conceals or knowingly and

improperly avoiding or decreasing an obligation to pay or transmit money or

property to the state.

107.    Defendant knowingly presented false claims for payment to the State of

Iowa. The State of Iowa, unaware of the falsity of these claims, approved, paid and participated in payments made by the State of Iowa Medicaid Program for claims that otherwise would not have been allowed.

108.     Defendant's unlawful conduct is continuing in nature and has caused the State of Iowa to suffer damages.

**COUNT XIII**

**VIOLATION OF THE LOUISIANA MEDICAL ASSITANCE PROGRAMS INTEGRITY LAW**
**La. Rev. Stat. Tit. 46 § 438, *et seq.***

109.     Relator realleges and incorporates by reference the allegations of paragraphs 1 through 36 as though fully set forth herein.

110.     This count sets forth claims for treble damages and forfeitures under the Louisiana Medical Assistance Programs Integrity Law.

111.     Through the acts described above, Defendant knowingly caused to be presented to the Louisiana Medicaid Program fraudulent claims, records, and statements in order to obtain reimbursement for services not rendered.

112.     Defendant knowingly violated:

    i.     La. Rev. Stat. Tit. 46 § 438.3(A) by knowingly presenting or causing to be presented a false or fraudulent claim; and/or

    ii.     La. Rev. Stat. Tit. 46 § 438.3(B) by knowingly engaging in misrepresentation to obtain, or attempt to obtain, payment from medical assistance programs funds.

113.     Defendant knowingly presented false claims for payment to the State of

Louisiana. The State of Louisiana, unaware of the falsity of these claims, approved, paid and participated in payments made by the State of Louisiana Medicaid Program for claims that otherwise would not have been allowed.

114.     Defendant's unlawful conduct is continuing in nature and has caused the State of Louisiana to suffer damages.

## COUNT XIV

### VIOLATION OF THE MARYLAND FALSE HEALTH CLAIMS ACT
### Maryland Laws Ch. 4 (S.B. 279) 2-602 *et seq.*

115.     Relator realleges and incorporates by reference the allegations of paragraphs 1 through 36 as though fully set forth herein.

116.     This count sets forth claims for treble damages and forfeitures under the Maryland False Health Claims Act.

117.     Through the acts described above, Defendant knowingly caused to be presented to the Maryland Medicaid Program fraudulent claims, records, and statements in order to obtain reimbursement for services not rendered.

118.     Defendant knowingly violated:

   i.     Maryland Laws Ch. 4 (S.B. 279) 2-602(a)(1) by knowingly presenting or causing to be presented a false or fraudulent claim for payment or approval;

   ii.    Maryland Laws Ch. 4 (S.B. 279) 2-602(a)(2) by knowingly making, using, or causing to be made or used, a false record or statement material to a false or fraudulent claim; and/or

   iii.   Maryland Laws Ch. 4 (S.B. 279) 2-602(a)(7) by knowingly making, using, or causing to be made or used, a false record or statement material to an obligation to pay or transmit money or other property to the State.

28

119.     Defendant knowingly presented false claims for payment to the State of

Maryland. The State of Maryland, unaware of the falsity of these claims, approved, paid and

participated in payments made by the State of Maryland Medicaid Program for claims that

otherwise would not have been allowed.

120.     Defendant's unlawful conduct is continuing in nature and has caused the State of

Maryland to suffer damages.

### COUNT XV

### VIOLATION OF THE MASSACHUSETTS FALSE CLAIMS ACT
### Mass. Gen. Laws Ch. 12 § 5B *et seq.*

121.     Relator realleges and incorporates by reference the allegations of paragraphs 1

through 36 as though fully set forth herein.

122.     This count sets forth claims for treble damages and forfeitures under the

Massachusetts False Claims Act.

123.     Through the acts described above, Defendant knowingly caused to be presented

to the Massachusetts Medicaid Program fraudulent claims, records, and statements in order to

obtain reimbursement for services not rendered.

124.     Defendant knowingly violated:

i.     Mass. Gen. Laws Ch. 12 § 5B(1) by knowingly presenting, or causing to be

presented, a false or fraudulent claim for payment or approval;

ii.     Mass. Gen. Laws Ch. 12 § 5B(2) by knowingly making, using, or causing to be

made or used, a false record or statement to obtain payment or approval of a claim

by the commonwealth or any political subdivision thereof; and/or

iii.     Mass. Gen. Laws Ch. 12 §5B(8) by knowingly making, using, or causing to be

made or used, a false record or statement to conceal, avoid, or decrease an

> obligation to pay or to transmit money or property to the commonwealth or
>
> political subdivision thereof.

125.     Defendant knowingly presented false claims for payment to the Commonwealth

of Massachusetts. The Commonwealth of Massachusetts, unaware of the falsity of these claims,

approved, paid and participated in payments made by the Commonwealth of Massachusetts

Medicaid Program for claims that otherwise would not have been allowed.

126.     Defendant's unlawful conduct is continuing in nature and has caused the

Commonwealth of Massachusetts to suffer damages.

## COUNT XVI

### VIOLATION OF THE MICHIGAN MEDICAID FALSE CLAIMS ACT
### 2008 P.A. 421, 400.607 *et seq.*

127.     Relator realleges and incorporates by reference the allegations of paragraphs 1

through 36 as though fully set forth herein.

128.      This count sets forth claims for treble damages and forfeitures under the

Michigan Medicaid False Claims Act.

129.      Through the acts described above, Defendant knowingly caused to be presented

to the Michigan Medicaid Program fraudulent claims, records, and statements in order to obtain

reimbursement for services not rendered.

130.     Defendant knowingly violated:

   i.     2008 P.A. 421, 400.607 § 7(1) by making or presenting or causing to be made or

          presented to an employee or officer of this state a claim under the social welfare

          act . . . upon or against the state, knowing the claim to be false; and/or

   ii.    2008 P.A. 421, 400.607 § 7(3) by knowingly making, using, or causing to be

          made or used a false record or statement to conceal, avoid, or decrease an

30

obligation to pay or transmit money or property to the state pertaining to a claim

presented under the social welfare act.

131.    Defendant knowingly presented false claims for payment to the State of

Michigan. The State of Michigan, unaware of the falsity of these claims, approved, paid and

participated in payments made by the State of Michigan Medicaid Program for claims that

otherwise would not have been allowed.

132.    Defendant's unlawful conduct is continuing in nature and has caused the

State of Michigan to suffer damages.

## COUNT XVII

### VIOLATION OF THE MINNESOTA FALSE CLAIMS ACT
### Minn. Sess. Laws, S.F. No. 2082, Ch. 101 § 24 *et seq.*

133.    Relator realleges and incorporates by reference the allegations of paragraphs 1

through 36 as though fully set forth herein.

134.    This count sets forth claims for treble damages and forfeitures under the

Minnesota False Claims Act.

135.    Through the acts described above, Defendant knowingly caused to be presented

to the Minnesota Medicaid Program fraudulent claims, records, and statements in order to obtain

reimbursement for services not rendered.

136.    Defendant knowingly violated:

i.      Minn. Sess. Laws, S.F. No. 2082, Ch. 101 § 25(a)(1) by knowingly presenting, or

        causing to be presented, to an officer or employee of the state or a political

        subdivision a false or fraudulent claim for payment or approval;

31

    ii.     Minn. Sess. Laws, S.F. No. 2082, Ch. 101 § 25(a)(2) by knowingly making,

           using, or causing to be made or used, a false record or statement to get a false or

           fraudulent claim paid or approved by the state or a political subdivision; and/or

    iii.    Minn. Sess. Laws, S.F. No. 2081, Ch. 101 § 25(a)(7) by knowingly making or

           using, or causing to be made or used, a false record or statement to conceal, avoid

           or decrease an obligation to pay or transmit money or property to the state or a

           political subdivision.

137.     Defendant knowingly presented false claims for payment to the State of Minnesota. The State of Minnesota, unaware of the falsity of these claims, approved, paid and participated in payments made by the State of Minnesota Medicaid Program for claims that otherwise would not have been allowed.

138.     Defendant's unlawful conduct is continuing in nature and has caused the State of Minnesota to suffer damages.

## COUNT XVIII

### VIOLATION OF THE MONTANA FALSE CLAIMS ACT
### Mont. Code Ann. § 17-8-403, *et seq.*

139.     Relator realleges and incorporates by reference the allegations of paragraphs 1 through 36 as though fully set forth herein.

140.     This count sets forth claims for treble damages and forfeitures under the Montana False Claims Act.

141.     Through the acts described above, Defendant knowingly caused to be presented to the Montana Medicaid Program fraudulent claims, records, and statements in order to obtain reimbursement for services not rendered.

142.     Defendant knowingly violated:

     i.      Mont. Code Ann. § 17-8-403(1)(a) by knowingly presenting or causing to be presented to an officer or employee of the governmental entity a false or fraudulent claim for payment or approval;

     ii.     Mont. Code Ann. § 17-8-403(1)(b) by knowingly making, using, or causing to be made or used a false record or statement to get a false or fraudulent claim paid or approved by the governmental entity; and/or

     iii.    Mont. Code Ann. § 17-8-403(1)(g) by knowingly making, using, or causing to be made or used a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the governmental entity or its contractors.

143.     Defendant knowingly presented false claims for payment to the State of Montana. The State of Montana, unaware of the falsity of these claims, approved, paid and participated in payments made by the State of Montana Medicaid Program for claims that otherwise would not have been allowed.

144.     Defendant's unlawful conduct is continuing in nature and has caused the State of Montana to suffer damages.

## COUNT XIX

### VIOLATION OF THE NEVADA FALSE CLAIMS ACT
### Nev. Rev. Stat. 357.010, *et seq.*

145.     Relator realleges and incorporates by reference the allegations of paragraphs 1 through 36 as though fully set forth herein.

146.     This count sets forth claims for treble damages and forfeitures under the Nevada False Claims Act.

147.     Through the acts described above, Defendant knowingly caused to be presented

33

to the Nevada Medicaid Program fraudulent claims, records, and statements in order to obtain reimbursement for services not rendered.

148.     Defendant knowingly violated:

i.      Nev. Rev. Stat. 357.040(1)(a) by knowingly presenting, or causing to be presented, a false or fraudulent claim for payment or approval;

ii.     Nev. Rev. Stat. 357.040(1)(b) by knowingly making or using, or causing to be made or used, a false record or statement to obtain payment or approval of a false claim; and/or

iii.    Nev. Rev. Stat. 357.040(1)(g) by knowingly making or using, or causing to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the State or a political subdivision.

149.     Defendant knowingly presented false claims for payment to the State of Nevada. The State of Nevada, unaware of the falsity of these claims, approved, paid and participated in payments made by the State of Nevada Medicaid Program for claims that otherwise would not have been allowed.

150.     Defendant's unlawful conduct is continuing in nature and has caused the State of Nevada to suffer damages.

## COUNT XX

## VIOLATION OF THE NEW JERSEY FALSE CLAIMS ACT
### N.S.J.A. § 2A:32C-1, *et seq.*

151.     Relator realleges and incorporates by reference the allegations of paragraphs 1 through 36 as though fully set forth herein.

152.     This count sets forth claims for treble damages and forfeitures under the

34

New Jersey False Claims Act.

153.    Through the acts described above, Defendant knowingly caused to be presented to the New Jersey Medicaid Program fraudulent claims, records, and statements in order to obtain reimbursement for services not rendered.

154.    Defendant knowingly violated:

i.    N.S.J.A. § 2A:32C-3(3)(a) by knowingly presenting, or causing to be presented to an employee, officer or agent of the State, or to any contractor, grantee, or other recipient of State funds, a false or fraudulent claim for payment or approval;

ii.    N.S.J.A. § 2A:32C-3(3)(b) by knowingly making, using, or causing to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the State; and/or

iii.    N.S.J.A. § 2A:32C-3(3)(g) by knowingly making, using, or causing to be made or used a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the State.

155.    Defendant knowingly presented false claims for payment to the State of New Jersey. The State of New Jersey, unaware of the falsity of these claims, approved, paid and participated in payments made by the State of New Jersey Medicaid Program for claims that otherwise would not have been allowed.

156.    Defendant's unlawful conduct is continuing in nature and has caused the State of New Jersey to suffer damages.

## COUNT XXI

## VIOLATION OF THE NEW MEXICO MEDICAID FALSE CLAIMS ACT
### N.M. Stat. Ann. § 27-14-1, *et seq.*

157.     Relator realleges and incorporates by reference the allegations of paragraphs 1 through 36 as though fully set forth herein.

158.     This count sets forth claims for treble damages and forfeitures under the New Mexico Medicaid False Claims Act.

159.     Through the acts described above, Defendant knowingly caused to be presented to the New Mexico Medicaid Program fraudulent claims, records, and statements in order to obtain reimbursement for services not rendered.

160.     Defendant knowingly violated:

i.     N.M. Stat. Ann. § 27-14-4(A) by presenting, or causing to be presented, to the state a claim for payment under the Medicaid program knowing that such claim is false or fraudulent;

ii.     N.M. Stat. Ann. § 27-14-4(C) by making, using, or causing to be made or used, a record or statement to obtain a false or fraudulent claim under the Medicaid program paid for or approved by the state knowing such record or statement is false; and/or

iii.     N.M. Stat. Ann. § 27-14-4(E) by making, using, or causing to be made or used a record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the state, relative to the Medicaid program, knowing that such record or statement is false.

161.     Defendant knowingly presented false claims for payment to the State of New Mexico. The State of New Mexico, unaware of the falsity of these claims, approved, paid and participated in payments made by the State of New Mexico Medicaid Program for claims that otherwise would not have been allowed.

36

162.     Defendant's unlawful conduct is continuing in nature and has caused the State of

New Mexico to suffer damages.

## COUNT XXII

### VIOLATION OF THE NEW YORK STATE FALSE CLAIMS ACT
### N.Y. St. Fin. Law § 187, *et seq.*

163.     Relator realleges and incorporates by reference the allegations of paragraphs 1

through 36 as though fully set forth herein.

164.     This count sets forth claims for treble damages and forfeitures under the

New York State False Claims Act.

165.     Through the acts described above, Defendant knowingly caused to be presented

to the New York Medicaid Program fraudulent claims, records, and statements in order to obtain

reimbursement for services not rendered.

166.     Defendant knowingly violated:

   i.     N.Y. St. Fin. Law § 189(1)(a) by knowingly presenting, or causing to be

          presented, a false or fraudulent claim for payment or approval;

   ii.    N.Y. St. Fin. Law § 189(1)(b) by knowingly making, using, or causing to be made

          or used, a false record or statement material to a false or fraudulent claim; and/or

   iii.   N.Y. St. Fin. Law § 189(1)(g) by knowingly making, using, or causing to be made

          or used, a false record or statement material to an obligation to pay or transmit

          money or property to the state or a local government . . . .

167.     Defendant knowingly presented false claims for payment to the State of New

York. The State of New York, unaware of the falsity of these claims, approved, paid and participated in payments made by the State of New York Medicaid Program for claims that otherwise would not have been allowed.

168.     Defendant's unlawful conduct is continuing in nature and has caused the State of New York to suffer damages.

## COUNT XXIII

## VIOLATION OF THE NORTH CAROLINA FALSE CLAIMS ACT
### N.C. Sess. Law 2010-96 § 1-605 *et seq.*

169.     Relator realleges and incorporates by reference the allegations of paragraphs 1 through 36 as though fully set forth herein.

170.     This count sets forth claims for treble damages and forfeitures under the North Carolina False Claims Act.

171.     Through the acts described above, Defendant knowingly caused to be presented to the North Carolina Medicaid Program fraudulent claims, records, and statements in order to obtain reimbursement for services not rendered.

172.     Defendant knowingly violated:

i.     N.C. Sess. Law 2010-96 § 1-607(a)(1) by knowingly presenting or causing to be presented a false or fraudulent claim for payment or approval;

ii.     N.C. Sess. Law 2010-96 § 1-607(a)(2) by knowingly making, using, or causing to be made or used, a false record or statement material to a false or fraudulent claim; and/or

iii.     N.C. Sess. Law 2010-96 § 1-607(a)(7) by knowingly making, using, or causing to be made or used, a false record or statement material to an obligation to pay or

38

transmit money or property to the State, or knowingly conceals or knowingly and

improperly avoids or decreases an obligation to pay or transmit money or property

to the State.

173.    Defendant knowingly presented false claims for payment to the State of North

Carolina. The State of North Carolina, unaware of the falsity of these claims, approved, paid and

participated in payments made by the State of North Carolina Medicaid Program for claims that

otherwise would not have been allowed.

174.    Defendant's unlawful conduct is continuing in nature and has caused the State of

North Carolina to suffer damages.

## COUNT XXIV

### VIOLATION OF THE OKLAHOMA MEDICAID FALSE CLAIMS ACT
### 63 Okl. St. § 5053, *et seq.*

175.    Relator realleges and incorporates by reference the allegations of paragraphs 1

through 36 as though fully set forth herein.

176.    This count sets forth claims for treble damages and forfeitures under the

Oklahoma Medicaid False Claims Act.

177.    Through the acts described above, Defendant knowingly caused to be presented

to the Oklahoma Medicaid Program fraudulent claims, records, and statements in order to obtain

reimbursement for services not rendered.

178.    Defendant knowingly violated:

i.    63 Okl. St. § 5053.1(B)(1) by knowingly presenting, or causing to be presented, to

an officer or employee of the State of Oklahoma a false or fraudulent claim for

payment or approval;

39

      ii.     63 Okl. St. § 5053.1(B)(2) by knowingly making, using, or causing to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the state; and/or

      iii.    63 Okl. St. § 5053.1(B)(7) by knowingly making, using, or causing to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the state.

179.     Defendant knowingly presented false claims for payment to the State of Oklahoma.  The State of Oklahoma, unaware of the falsity of these claims, approved, paid and participated in payments made by the State of Oklahoma Medicaid Program for claims that otherwise would not have been allowed.

180.     Defendant's unlawful conduct is continuing in nature and has caused the State of Oklahoma to suffer damages.

**COUNT XXV**

**VIOLATION OF THE RHODE ISLAND STATE FALSE CLAIMS ACT**
**R.I. Gen. Laws § 9-1.1-1, *et seq.***

181.     Relator realleges and incorporates by reference the allegations of paragraphs 1 through 36 as though fully set forth herein.

182.     This count sets forth claims for treble damages and forfeitures under the Rhode Island State False Claims Act.

183.     Through the acts described above, Defendant knowingly caused to be presented to the Rhode Island Medicaid Program fraudulent claims, records, and statements in order to obtain reimbursement for services not rendered.

184.     Defendant knowingly violated:

      i.     R.I. Gen. Laws § 9-1.1-3(a)(1) by knowingly presenting, or causing to be

40

presented, to an officer or employee of the state or a member of the guard a false or fraudulent claim for payment or approval;

ii.    R.I. Gen. Laws § 9-1.1-3(a)(2) by knowingly making, using, or causing to be made or used a false record or statement to get a false or fraudulent claim paid or approved by the state; and/or

iii.   R.I. Gen. Laws § 9-1.1-3(a)(7) by knowingly making, using, or causing to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the state . . . .

185.    Defendant knowingly presented false claims for payment to the State of Rhode Island.  The State of Rhode Island, unaware of the falsity of these claims, approved, paid and participated in payments made by the State of Rhode Island Medicaid Program for claims that otherwise would not have been allowed.

186.    Defendant's unlawful conduct is continuing in nature and has caused the State of Rhode Island to suffer damages.

## COUNT XXVI

## VIOLATION OF THE TENNESSEE MEDICAID FALSE CLAIMS ACT
### Tenn. Code Ann. § 71-5-181, *et seq.*

187.    Relator realleges and incorporates by reference the allegations of paragraphs 1 through 36 as though fully set forth herein.

188.    This count sets forth claims for treble damages and forfeitures under the Tennessee Medicaid False Claims Act.

189.    Through the acts described above, Defendant knowingly caused to be presented to the Tennessee Medicaid Program fraudulent claims, records, and statements in order to obtain reimbursement for services not rendered.

41

190.     Defendant knowingly violated:

    i.     Tenn. Code Ann. § 71-5-182(a)(1)(A) by knowingly presenting, or causing to be presented, a false or fraudulent claim for payment or approval under the Medicaid program;

    ii.     Tenn. Code Ann. § 71-5-182(a)(1)(B) by knowingly making, using, or causing to be made or used, a false record or statement material to a false or fraudulent claim to get a false or fraudulent claim under the Medicaid program paid for or approved; and/or

    iii.     Tenn. Code Ann. § 71-5-182(a)(1)(D) by knowingly making, using, or causing to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the state, or knowingly conceals, or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the state, relative to the Medicaid program.

191.     Defendant knowingly presented false claims for payment to the State of Tennessee.  The State of Tennessee, unaware of the falsity of these claims, approved, paid and participated in payments made by the State of Tennessee Medicaid Program for claims that otherwise would not have been allowed.

192.     Defendant's unlawful conduct is continuing in nature and has caused the State of Tennessee to suffer damages.

## COUNT XXVII

### VIOLATION OF THE TEXAS MEDICAID FRAUD PREVENTION ACT
### Tex. Hum. Res. Code § 36.001, *et seq*.

193.     Relator realleges and incorporates by reference the allegations of paragraphs 1 through 36 as though fully set forth herein.

194.     This count sets forth claims for treble damages and forfeitures under the Texas Medicaid Fraud Prevention Act.

195.     Through the acts described above, Defendant knowingly caused to be presented to the Texas Medicaid Program fraudulent claims, records, and statements in order to obtain reimbursement for services not rendered.

196.     Defendant knowingly violated:

i.      Tex. Hum. Res. Code § 36.002(1) by knowingly making or causing to be made a false statement or misrepresentation of a material fact to permit a person to receive a benefit under the Medicaid program that is not authorized or that is greater than the benefit or payment authorized;

ii.     Tex. Hum. Res. Code § 36.002(2) by knowingly conceals or fails to disclose information that permits a person to receive a benefit or payment under the Medicaid program that is not authorized or that is greater than the benefit or payment that is authorized; and/or

iii.    Tex. Hum. Res. Code § 36.002(12) by knowingly making, using, or causing the making or using of a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to this state under the Medicaid program.

197.     Defendant knowingly presented false claims for payment to the State of Texas. The State of Texas, unaware of the falsity of these claims, approved, paid and participated in payments made by the State of Texas Medicaid Program for claims that otherwise would not have been allowed.

198.     Defendant's unlawful conduct is continuing in nature and has caused the State of

43

Texas to suffer damages.

## COUNT XXVIII

### VIOLATION OF THE VIRGINIA FRAUD AGAINST TAXPAYERS ACT
### Va. Code Ann. § 8.01-216.1, *et seq*.

199.     Relator realleges and incorporates by reference the allegations of paragraphs 1

through 36 as though fully set forth herein.

200.     This count sets forth claims for treble damages and forfeitures under the Virginia

Fraud Against Taxpayers Act.

201.     Through the acts described above, Defendant knowingly caused to be presented

to the Virginia Medicaid Program fraudulent claims, records, and statements in order to obtain

reimbursement for services not rendered.

202.     Defendant knowingly violated:

    i.     Va. Code Ann. § 8.01-216.3(A)(1) by knowingly presenting, or causing to be

        presented, a false or fraudulent claim for payment or approval;

    ii.     Va. Code Ann. § 8.01-216.3(A)(2) by knowingly making, using, or causing to be

        made or used, a false record or statement material to a false or fraudulent claim;

        and/or

    iii.     Va. Code. Ann. § 8.01-216.3(A)(7) by knowingly making, using, or causing to be

        made or used a false record or statement material to an obligation to pay or

        transmit money or property to the Commonwealth or knowingly conceals or

        knowingly and improperly avoids or decreases an obligation to pay or transmit

        money or property to the Commonwealth.

203.     Defendant knowingly presented false claims for payment to the Commonwealth

of Virginia. The Commonwealth of Virginia, unaware of the falsity of these claims, approved,

paid and participated in payments made by the Commonwealth of Virginia Medicaid Program

for claims that otherwise would not have been allowed.

204.     Defendant's unlawful conduct is continuing in nature and has caused the

Commonwealth of Virginia to suffer damages.

## COUNT XXIX

## VIOLATION OF THE WISCONSIN FALSE CLAIMS FOR MEDICAL ASSISTANCE LAW
## 2007 Wis. Act 20.931, *et seq.*

205.     Relator realleges and incorporates by reference the allegations of paragraphs 1

through 36 as though fully set forth herein.

206.     This count sets forth claims for treble damages and forfeitures under the

Wisconsin False Claims for Medical Assistance Law.

207.     Through the acts described above, Defendant knowingly caused to be presented

to the Wisconsin Medicaid Program fraudulent claims, records, and statements in order to obtain

reimbursement for services not rendered.

208.     Defendant knowingly violated:

   i.     2007 Wis. Act 20.931(2)(a) by knowingly presenting or causing to be presented to

          any officer, employee, or agent of this state a false claim for medical assistance;

   ii.    2007 Wis. Act 20.931(2)(b) by knowingly making, using, or causing to be made

          or used a false record or statement to obtain approval or payment of a false claim

          for medical assistance; and/or

45

iii.     2007 Wis. Act 20.931(2)(g) by knowingly making, using, or causing to be made

or used a false record or statement to conceal, avoid or decrease any obligation to

pay or transmit money or property to the Medical Assistance program.

209.     Defendant knowingly presented false claims for payment to the State of

Wisconsin. The State of Wisconsin, unaware of the falsity of these claims, approved, paid and

participated in payments made by the State of Wisconsin Medicaid Program for claims that

otherwise would not have been allowed.

210.     Defendant's unlawful conduct is continuing in nature and has caused the State of

Wisconsin to suffer damages.

<h3 align="center">COUNT XXX</h3>

<h3 align="center">VIOLATION OF THE DISTRICT OF COLUMBIA FALSE CLAIMS ACT<br>D.C. Code § 2-308.02, <em>et seq.</em></h3>

211.     Relator realleges and incorporates by reference the allegations of paragraphs 1

through 36 as though fully set forth herein.

212.     This count sets forth claims for treble damages and forfeitures under the District

of Columbia False Claims for Medical Assistance Law.

213.     Through the acts described above, Defendant knowingly caused to be presented

to the District of Columbia Medicaid Program fraudulent claims, records, and statements in order

to obtain reimbursement for services not rendered.

214.     Defendant knowingly violated:

i.     D.C. Code § 2-308.02(a)(1) by knowingly presenting, or causing to be presented,

to an officer or employee of the District a false or fraudulent claim for payment or

approval;

46

ii.     D.C. Code § 2-308.02(a)(2) by knowingly making, using, or causing to be made or used a false record or statement to get a false claim paid or approved by the District; and/or

iii.    D.C. Code § 2-308.02(a)(7) by knowingly making or using or causing to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the District.

215.    Defendant knowingly presented false claims for payment to the District of Columbia. The District of Columbia, unaware of the falsity of these claims, approved, paid and participated in payments made by the District of Columbia Medicaid Program for claims that otherwise would not have been allowed.

216.    Defendant's unlawful conduct is continuing in nature and has caused the District of Columbia to suffer damages.

## COUNT XXXI

### VIOLATION OF 31 U.S.C. § 3730(h)

217.    Relator realleges and incorporates by reference the allegations of paragraphs 1 through 36 as though fully set forth herein.

218.    In violation of the False Claims Act § 3730(h), Defendant took negative employment action, including terminating her employment, against Relator as a result of lawful actions taken by Relator to stop Defendant's violations of the False Claims Act.

219.    As a result of Defendant's retaliatory and discriminatory conduct, Relator has suffered damages.

## PRAYER

WHEREFORE, Relator Wendy Johnson, on behalf of the United States and the Plaintiff States, requests:

a.  This Court enter an order determining that Defendant violated the Federal and State False Claims Acts by billing Government Payors for services not rendered and unlawfully retaining overpayments;

b.  Defendant pay an amount equal to three times the amount of damages the United States and the Plaintiff States have sustained because of Defendant's actions, plus a civil penalty against Defendant of not less than $5,500 and not more than $11,000 for each violation of the Federal and State False Claims Acts;

c.  Defendant ceases and desists from violating the Federal and State False Claims Acts;

d.  Relator be awarded all costs of this action, including attorneys' fees, expenses, and costs pursuant to the Federal and State False Claims Acts;

e.  Relator be awarded the maximum amount allowed pursuant to 31 U.S.C. § 3730(d) and (h); and

f.  The United States, the Plaintiff States and Relator be granted all such other relief as the Court deems just and proper.

**PLAINTIFF/RELATOR DEMANDS A TRIAL BY JURY ON ALL COUNTS**

December 21, 2012                    Respectfully submitted,

*Suzanne E. Durrell*

Suzanne E. Durrell (BBO #139280)
DURRELL LAW OFFICE
180 Williams Avenue
Milton, Massachusetts 02186
(617) 333-9681
Fax: (617) 333-0014
Email: suzanne.durrell@verizon.net

Robert M. Thomas, Jr. (BBO #645600)
THOMAS & ASSOCIATES
280 Summer Street, 5th Floor
Boston, MA 02210-1131
(617) 371-1072
Fax: (888) 676-7420
Email: rmt@thomasandassoc.net

Elaine Stromgren (Florida Bar No.: 0417610)
estromgren@jameshoyer.com
Jesse L. Hoyer (Florida Bar No.: 076934)
jlhoyer@jameshoyer.com
JAMES, HOYER, NEWCOMER &
SMILJANICH, P.A.
4830 West Kennedy Boulevard
Suite 550
Tampa, Florida 33609
(813) 397-2300
Fax: (813) 397-2310

49